**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roscoe Moss Manufacturing Company,<br><br>Plaintiff,<br><br>v.<br><br>Drill-Tech Incorporated, et al.,<br><br>Defendants. | No. CV-20-08229-PCT-MTL<br><br>**ORDER** |

The Court now considers Third-Party Defendant Southwest Ground-Water Consultants, Inc.'s ("Southwest") Motion to Dismiss (the "Motion") Defendant Drill-Tech, Inc.'s ("Drill-Tech") Third-Party Complaint (Doc. 25), arguing, first, that the Court lacks subject matter jurisdiction and, second, that the Third-Party Complaint fails to state viable claims for relief. The Motion is granted on jurisdictional grounds.

**I.**

This factual summary derives from Drill-Tech's Third-Party Complaint against Southwest (Doc. 17). In 2018, the Town of Prescott Valley (the "Town") and Southwest executed a professional services agreement under which Southwest would "perform siting, permitting, design and drilling and testing oversight of three (3) new production wells." (Doc. 17-1 at 12.) The agreement also required that Southwest maintain oversight over construction activities. (Doc. 17 ¶ 17.)

The Little Pete Well is one of the three new wells in the professional services agreement. (Doc. 17-1 at 12.) According to the Third-Party Complaint, Southwest prepared

and provided "technical specifications to construct the Little Pete Well. Those technical specifications were intended by [Southwest] to be included, and were included, in the bid package issued by the Town to well contractors." (Doc. 17 ¶ 8.)

After evaluating bids, the Town awarded the Little Pete Well construction contract to Drill-Tech. (*Id*. ¶ 9.) Drill-Tech was tasked with "construct[ing] the well according to [Southwest's] technical specifications and to use the exact equipment and materials specified therein without deviation." (*Id*. ¶¶ 10, 11.) Drill-Tech alleges that only one supplier manufactured the material and equipment needed to satisfy the technical specifications developed by Southwest. (*Id*.) That supplier was Roscoe Moss Manufacturing Company ("Roscoe Moss"). (*Id*.)

Drill-Tech drilled and cased the Little Pete Well following Southwest's specifications and directions. (*Id*. ¶¶ 20, 21.) Drill-Tech ordered and installed piping, manufactured by Roscoe Moss, that satisfied the contractual specifications. (*Id*. ¶ 12.) The pipe failed. (*Id*. ¶¶ 16, 22–23.) Drill-Tech alleges that the failure required it to provide a $30,000 discount to the Town on its construction contract. (*Id*. ¶ 25.) Drill-Tech also alleges damages of at least $94,000 associated with repairing the pipe and the well resulting from the failure. (*Id*.)

Roscoe Moss invoiced Drill-Tech for $103,822.40 representing material supplied for the Little Pete Well project. (Doc. 1 ¶¶ 10–13.) Drill-Tech refused to pay. (*Id*. ¶ 14.)

Roscoe Moss launched this suit against Drill-Tech asserting breach of contract and account stated. (*Id*. ¶¶ 15–19, 20–22.) Drill-Tech, in turn, counterclaimed against Roscoe Moss. (Doc. 13.) Drill-Tech then filed its Third-Party Complaint against Southwest alleging that, even if Drill-Tech is liable to pay Roscoe Moss, Southwest is liable to Drill-Tech under the state-law theories of indemnity, contribution, and breach of express and implied warranties. (Doc. 17 ¶¶ 26–37, 50–54.) Drill-Tech also claims negligence and negligent misrepresentation relating to Southwest's technical specifications and its project supervision. (*Id*. ¶¶ 38–49.)

**II.**

"A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). A court has subject matter jurisdiction over claims that "arise under the Constitution, laws, or treaties of the United States" or over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. §§ 1331, 1332. The party asserting jurisdiction bears the burden of proof. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). When evaluating a jurisdictional challenge, the court assumes the veracity of a plaintiff's allegations and "draws all reasonable inferences in the plaintiff's favor." *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

**III.**

This Court has diversity jurisdiction over this case's underlying claims between Roscoe Moss and Drill-Tech. *See* 28 U.S.C. § 1332(a)(1). As to its third-party claims against Southwest, Drill-Tech acknowledges that the Court lacks both federal question and diversity jurisdiction. (Doc. 17 ¶ 4.) It therefore asks that the Court exercise supplemental jurisdiction over its state-law claims under 28 U.S.C. § 1367. Drill-Tech alleges the following:

> This Court may not have jurisdiction over [Southwest] as there is no federal question and diversity jurisdiction is not proper. Alternatively, this Court may have supplemental jurisdiction over [Southwest] under 28 U.S.C. § 1367 because the third party claims arise from the same well drilling project and the same operative facts.

(*Id.*)

A federal court may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of

the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1367(c) provides, in part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— (1) the claim raises a novel or complex issue of State law [or] (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." Whether to exercise supplemental jurisdiction is within the District Court's discretion. *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). When exercising its discretion, the court considers the interest in "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

Southwest apparently concedes that the third-party claims here satisfy § 1367(a)'s threshold requirement for supplemental jurisdiction because they are share a common nucleus of operative fact—the Little Pete Well project. Southwest argues that the Court should decline supplemental jurisdiction, however, because Drill-Tech's "five (5) separate contract-based and tort-based claims against [Southwest] would substantially predominate over Roscoe Moss's simple collection action." (Doc. 25 at 5.) Drill-Tech disagrees, arguing that Southwest is an indispensable party to the action because "either Roscoe Moss or [Southwest] caused this well and pipe to fail." (Doc 27 at 11.) Drill-Tech asserts that its third-party claims do not present novel issues of state law. (*Id.*)

The Court agrees with Southwest. Maintaining Drill-Tech's third-party causes of action would lead to those claims substantially predominating over Roscoe Moss's underlying claims. The Roscoe Moss dispute involves basic breach-of-contract claims. Roscoe Moss supplied material and Drill-Tech failed to pay for it. Drill-Tech countersued, asserting that it is not liable for the bill.

The Third-Party Complaint against Southwest adds state-law tort and additional contract claims to the mix. And Drill-Tech's theories of derivative liability are not as straightforward as the underlying claims. *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1030 (S.D. Cal. 2017). As Southwest observes in its Motion, "Drill-Tech's Third-Party Complaint against [Southwest] alleges secondary and/or derivative liability, only, to that

of Drill-Tech." (Doc. 25 at 5.) Lurking underneath that surface issue is the lack of contractual privity because Drill-Tech was not a party to Southwest's contract with the Town. "[A]s a general rule only the parties and privies to a contract may enforce it." *Lofts at Fillmore Condo. Ass'n v. Reliance Commercial Const., Inc.*, 190 P.3d 733, 734 (Ariz. 2008) (quoting *Treadway v. W. Cotton Oil & Ginning Co.*, 10 P.2d 371, 375 (Ariz. 1932)). That is, if Drill-Tech breached the contract, the focus shifts to a more complex inquiry into whether Southwest is liable for all or some of those damages.

The elements of proof for Drill-Tech's negligence claim and its negligent misrepresentation claim differ substantially from Roscoe Moss's breach of contract claim. *See, e.g.*, Restatement (Second) of Torts § 552. The negligence and negligent misrepresentation claims, by their nature, require exploring the scope of Southwest's duty to Drill-Tech. Again, Drill-Tech's status as a third-party to the relationship between Southwest and the Town implicates whether and to what extent Southwest owed a duty of care to Drill-Tech. The tort claims likely require expert witness opinion to evaluate and opine on the specifications for the Little Pete Well and its component materials. The tort claims may also require evaluating the geological features of the surrounding area to determine what role those features had, if any, in the pipe's failure. Indeed, at oral argument, Drill-Tech's counsel confirmed the need for expert witnesses to provide testimony on the third-party claims.

Drill-Tech argues that "[i]t would be inefficient to adjudicate the third party complaint in a separate lawsuit, waste judicial resources, and run the risk of inconsistent results." (Doc. 27 at 11.) The Court disagrees. The nature of the third-party claims will require an expansion of evidentiary complexity to sort through. *See* 28 U.S.C. § 1367(c)(1). As described above, the third-party claims expand the original complaint's simple breach of contract controversy into a more complex tort paradigm. The predominant issue would shift from whether Drill-Tech owes Roscoe Moss a discernable amount of damages to whether an engineering company owed and breached a duty of care to a third party. Causation would also become an inquiry. Did Southwest's negligence cause the loss or

was it something else? The Arizona state court system is well-equipped to handle these claims.

Finally, the Court has concerns that, should the controversy between Roscoe Moss and Drill-Tech terminate pursuant to a settlement or summary judgment, the third-party claims may remain. That will lead the Court to have *only* supplemental jurisdiction over the remaining controversy. Under those circumstances, the Court may end up dismissing Drill-Tech's Third-Party Complaint for lack of jurisdiction after all. *See Ventura Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 619 (9th Cir. 2018).

### IV.

Accordingly,

**IT IS ORDERED** granting Third-Party Defendant Southwest Ground-Water Consultants, Inc.'s Motion to Dismiss under Rule 12(b)(1), Fed. R. Civ. P. (Part of Doc. 25.) The Third-Party Complaint is dismissed for lack of jurisdiction. The Clerk of Court shall terminate Southwest Ground-Water Consultants, Inc. from this action.

**IT IS FURTHER ORDERED** denying, as moot, the Motion to the extent it seeks dismissal of the Third-Party Complaint under Rule 12(b)(6), Fed. R. Civ. P. (Part of Doc. 25.)

Dated this 20th day of January, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge